(C. D. 1143)

John A. Hunter Hardwood Corp. *v.* United States

United States Customs Court, First Division

(Decided December 9, 1948)

*Barnes, Richardson & Colburn* (*Joseph Schwartz* of counsel) for the plaintiff.
*David N. Edelstein*, Assistant Attorney General (*Guy G. Ribaudo* and *Sybil Phillips*, special attorneys), for the defendant.

Before Oliver, Cole, and Mollison, Judges

Mollison, Judge: The plaintiff in this case imported into the United States from the Republic of Cuba a quantity of merchandise described on the invoices as "Dagame wood" or "Dagame lumber." The invoices and testimony show that the greater portion of the importation consisted of bundles containing pieces of sawed wood as follows:

| No. of bundles | Pieces | Dimensions |
|---|---|---|
| 60 | 4620 | $\frac{3}{4}''$ x $1\frac{1}{2}''$ x 22'' |
| 44 | 3080 | $\frac{3}{4}''$ x $1\frac{1}{2}''$ x 28'' |
| 107 | 6420 | $\frac{3}{4}''$ x $1\frac{1}{2}''$ x 32'' |
| 200 | 8000 | $\frac{3}{4}''$ x $1\frac{1}{2}''$ x 70'' |
| 37 | 2220 | $\frac{5}{8}''$ x $1\frac{1}{4}''$ x 68'' |
| 80 | 3520 | $\frac{5}{8}''$ x $1\frac{1}{4}''$ x 62'' |
| 33 | 2623 | $\frac{1}{2}''$ x 1'' x 51'' |
| 16 | 1256 | $\frac{9}{16}''$ x 1'' x 56'' |

and, in addition, pieces of wood described on the invoice as "short ends" which were imported in bags, these latter pieces ranging in size from $1\frac{1}{2}''$ x 2'' to 8'' x 8'' and upwards.

The entire shipment was assessed with duty by the collector of customs at the rate of 5 per centum ad valorem (less 20 per centum under the Cuban Reciprocal Trade Agreement) under the provisions of paragraph 406 of the Tariff Act of 1930 (19 U. S. C. 1940 ed. §1001, par. 406), which read as follows:

Par. 406. Hubs for wheels, heading bolts, stave bolts, last blocks, wagon blocks, oar blocks, heading blocks, and all like blocks or sticks, roughhewn, or rough shaped, sawed or bored, 10 per centum ad valorem.

The 10 per centum rate specified in the paragraph was reduced by the Canadian Trade Agreement, T. D. 49752, to 5 per centum.

The protest claims the merchandise to be entitled to free entry under the provision in paragraph 1803 of the same act for—

\* \* \* sawed lumber \* \* \* not further manufactured than planed, and tongued and grooved; all the foregoing not specially provided for: \* \* \*.

and, in effect, concedes that if so classifiable, tax at the rate of $1.50 per thousand feet, board measure, is applicable to the merchandise under the provision for rough lumber in section 3424 of the Internal Revenue Code (26 U. S. C. 1940 .ed.), as modified by the Canadian Trade Agreement, T. D. 49752.

It appears that the classification and assessment of the merchandise as "like blocks or sticks" under paragraph 406 were based upon the view held by the Government that the longer pieces of wood in issue were specifically designed for and dedicated to the purpose of making archery bows, and chiefly, if not exclusively, so used. In accordance with this theory and its concept of the record, counsel for the defendant conceded that all of the merchandise of length less than 40 inches should have been classified as claimed by the plaintiff.

The plaintiff contends that all of the merchandise consists of so-called "dimension stock," i. e., sticks or pieces of lumber sawed to dimensions of length, width, and thickness, not dedicated in their imported form to the making of any particular article or class of articles.

Illustrative exhibits, representative of the merchandise in its condition as imported, were offered and received in evidence without objection. It is obvious from an inspection thereof that they are merely pieces of wood sawed and squared to the dimensions specified on the invoices.

There is no real dispute as to the facts. The record discloses that the sticks 62 inches and over in length are used chiefly in the making of archery bows and to some small extent in the manufacture of fishing rods; that archery bows are also made from lengths down to 40 inches, and fishing rods from lengths down to 22 inches; that from the lengths below 22 inches, a wide variety of articles, including heels for women's shoes, tennis racquet presses, manicuring sticks, knitting needles, crochet needles, hair curlers, draftsmen's rulers, slide rules, etc., are made. Dagame wood appears to be known in the archery trade as lemonwood, and there does not seem to be any question but that in the longer lengths it is particularly suitable and desirable as material from which archery bows are made.

However, as we read the provisions of paragraph 406, *supra*, something more than suitability or desirability for a particular use or class of uses is a necessary element of the "like blocks or sticks"

covered thereby. In *United States* v. *Pacific Customs Brokerage Co.*, 31 C. C. P. A. 102, C. A. D. 256, our appellate court said:

It seems clear to us that paragraph 406, *supra*, was intended to cover only wooden articles either completely finished, or so advanced from the rough material that one can tell from the shape that it has been dedicated to the making of a finished article of the character therein named. The imported merchandise does not, as we view it, meet either of those tests.

Neither does the merchandise at bar meet either of the tests outlined. It is simply wood which has been sawed and squared to common dimensions. It is quite probable that in the operations of sawing and squaring performed on the wood in question it was sought to obtain as many of the longer lengths as possible, since doubtless these, when used in the making of archery bows, return the greatest profit. It may well be, therefore, that from the standpoint of prudence, thrift, and economical use, the longer lengths may be said to be dedicated to be used in the making of archery bows, but we believe that the dedication implicit in the language of paragraph 406 was intended by Congress to be a physical rather than an economic dedication. Thus, the court in the excerpt quoted above speaks of articles "so advanced from the rough material that one can tell from the shape that it has been dedicated to the making of a finished article of the character therein named." There is nothing about the mere shape of any of the pieces of wood at bar which would tend to indicate that they had been dedicated to the making of archery bows or to any other article or class of articles.

We find nothing in the case of *Washington Handle Co.* v. *United States*, 34 C. C. P. A. 80, C. A. D. 346, cited in the Government's brief, contrary to the views we have expressed above based upon the *Pacific Customs Brokerage Co.* case. The *Washington Handle Co.* case involved wood which had been further advanced than the blocks and sticks named in paragraph 406, while the merchandise here in issue has not, in our opinion, been advanced that far.

The claim for free entry of the merchandise involved under the provisions of paragraph 1803 of the Tariff Act of 1930, with assessment of tax or duty at the rate of $1.50 per thousand feet, board measure, under the provisions of section 3424 of the Internal Revenue Code, as modified by the Canadian Trade Agreement, T. D. 49752, is sustained, and judgment will issue accordingly.