BEFORE THE FIRST DIVISION, NOVEMBER 3, 1949

No. 53684.—Southern Cross Exporters, Inc. v. United States, protest 148523–K
(New York).

Opinion by COLE, J. An oral stipulation showing that the merchandise in question was not "pickled or salted," but "in fact dried and unsalted," the claim of the plaintiff was sustained.

No. 53685.—Joseph Antognoli & Co. et al. v. United States, protests 41351–K/89440, etc. (Chicago).

Opinion by COLE, J. The protests were dismissed.

No. 53686.—Sam Forwand Co. v. United States, protest 123475–K (B) (New York).

Opinion by MOLLISON, J. It was stipulated that the merchandise consists of platinum fox fur skins, undressed, similar in all material respects to those the subject of *United States* v. *O. Brager-Larsen* (36 C. C. P. A. 1, C. A. D. 388). The claim for free entry under paragraph 1681 was therefore sustained.

No. 53687.—C. H. Pearson & Son Hardwood Co., Inc. v. United States, protests 129803–K, etc. (New York).

Opinion by MOLLISON, J. In accordance with stipulation of counsel that the merchandise consists of sawed dagame lumber similar in all material respects to that the subject of *John A. Hunter Hardwood Corp.* v. *United States* (21 Cust. Ct. 139, C. D. 1143), the claim of the plaintiff was sustained.

No. 53688.—William J. Oberle, Inc. v. United States, protest 130343–K/12862 (New Orleans).

Opinion by MOLLISON, J. In accordance with stipulation of counsel that the merchandise consists of sawed dagame lumber similar in all material respects to that the subject of *John A. Hunter Hardwood Corp.* v. *United States* (21 Cust. Ct. 139, C. D. 1143), the claim of the plaintiff was sustained.