**No. 53917.**—Foresta Factors v. United States, protest 133270–K (New York).

MOLLISON, Judge: This protest relates to an importation of 20,000 pieces of wood described on the invoice as "Sawed Brauna." Each piece was sawed to the size of 21″ x 1⅝″ x 1⅝″. Duty was assessed thereon by the collector of customs at the rate of 5 per centum ad valorem under the provision in paragraph 406 of the Tariff Act of 1930, as modified by the Canadian Trade Agreement, T. D. 49752, for—

Hubs for wheels, heading bolts, stave bolts, last blocks, wagon blocks, oar blocks, heading blocks, and all like blocks or sticks, roughhewn, or rough shaped, sawed or bored.

The protest claim is for free entry under the provision in paragraph 1803 of the same act for—

\* \* \* sawed lumber \* \* \*; all the foregoing not specially provided for: \* \* \*,

with assessment of tax or duty at only $1.50 per thousand feet, board measure, under the provision for rough lumber in section 3424 of the Internal Revenue Code (26 U. S. C. 1940 ed.), as modified by the Canadian Trade Agreement, *supra*.

There is no question but that as ordered and purchased abroad and as imported and sold in the United States the pieces of wood involved were destined to be used, by processes of cutting and turning on a lathe, in the manufacture of butts for billiard cues, and it appears that as a matter of fact the imported pieces were so used. "Brauna" wood is a dark brown-colored hardwood found in Brazil which by reason of its color and characteristics as hardwood is very suitable to be used in the manufacture of billiard cue butts.

Despite these facts, however, it also appears that as imported the pieces in question were merely sawed and squared to the dimensions noted above, and although suitable and desirable for use in the manufacture of billiard cue butts, they were in no physical sense dedicated to such use or to the making of any single article or class of articles.

The situation, therefore, is indistinguishable from that which obtained in the case of *John A. Hunter Hardwood Corp.* v. *United States*, 21 Cust. Ct. 139, C. D. 1143, and we quote the following from that opinion as equally applicable here:

However, as we read the provisions of paragraph 406, *supra*, something more than suitability or desirability for a particular use or class of uses is a necessary element of the "like blocks or sticks" covered thereby. In *United States* v. *Pacific Customs Brokerage Co.*, 31 C. C. P. A. 102, C. A. D. 256, our appellate court said:

It seems clear to us that paragraph 406, *supra*, was intended to cover only wooden articles either completely finished, or so advanced from the rough material that one can tell from the shape that it has been dedicated to the making of a finished article of the character therein named. The imported merchandise does not, as we view it, meet either of those tests.

Neither does the merchandise at bar meet either of the tests outlined. It is simply wood which has been sawed and squared to common dimensions. It is quite probable that in the operations of sawing and squaring performed on the wood in question it was sought to obtain as many of the longer lengths as possible, since doubtless these, when used in the making of archery bows, return the greatest profit. It may well be, therefore, that from the standpoint of prudence, thrift, and economical use, the longer lengths may be said to be dedicated to be used in the making of archery bows, but we believe that the dedication implicit in the language of paragraph 406 was intended by Congress to be a physical rather than an economic dedication. Thus, the court in the excerpt quoted above speaks of articles "so advanced from the rough material that one can tell from the shape that it has been dedicated to the making of a finished article of the character therein named." There is nothing about the mere shape of any of the pieces of wood at bar which would tend to indicate that they had been dedicated to the making of archery bows or to any other article or class of articles.

For the foregoing reasons the protest claim for free entry of the merchandise involved under the provisions of paragraph 1803 of the Tariff Act of 1930, with consequent assessment of tax or duty at the rate of $1.50 per thousand feet, board measure, under the provisions of section 3424 of the Internal Revenue Code, as modified by the Canadian Trade Agreement, T. D. 49752, is sustained, and judgment will issue accordingly.